**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUSTIN COYLE,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>BILL GORE, Sheriff,<br><br>　　　　　　　　　　Respondent. | Case No.  16cv1737 JLS (PCL)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

　　　　Petitioner, a prisoner proceeding pro se, has paid the $5.00 filing fee and has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

**FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICAL REMEDIES**

　　　　Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies.  28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987).  To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition.  28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133–34.  Moreover, to properly exhaust state court remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been violated.  The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged

violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims <u>under the United States Constitution</u>." *Id.* at 365–66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state court." *Id.* at 366 (emphasis added).

Nowhere on the Petition does Petitioner allege that he raised his claims in the California Supreme Court. In fact, he specifically indicates he did not seek review in the California Supreme Court. (*See* Pet. at 7.) If Petitioner has raised his claims in the California Supreme Court he must so specify. "The burden of proving that a claim has been exhausted lies with the petitioner." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Oyler v. Allenbrand*, 23 F.3d 292, 300 (10th Cir. 1994); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

///

///

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D) (West 2006).

The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending.  28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999); *but see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings.").  However, absent some other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is pending.  *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ."  Rule 4, 28 U.S.C. foll. § 2254.  Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

## **FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM**

Additionally, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added); *see also Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464–65 (9th Cir. 1986).  Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

Although not entirely clear, Petitioner appears to argue he was not properly credited for time served and that the Sheriff's Department sent him a "fake" letter regarding rejection of a habeas corpus petition Petitioner attempted to file in the San Diego Superior Court. (*See* Pet. at 7.)  In no way does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

Further, the Court notes that Petitioner cannot simply amend his Petition to state a federal habeas claim and then refile the amended petition in this case.  As discussed above, Petitioner must exhaust state judicial remedies before bringing his claims via federal habeas.  To properly exhaust state court judicial remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated.  *See Duncan*, 513 U.S. at 365–66.

## **CONCLUSION**

For the reasons discussed above, the Petition is **DISMISSED** without prejudice and with leave to amend.  To have this case reopened, Petitioner must (1) either pay the filing fee or provide adequate proof of his inability to pay **AND** (2) file a First Amended Petition which cures the pleading deficiencies discussed above, **no later than September 23, 2016**.  *For Petitioner's convenience, the Clerk of Court shall attach to this Order a blank In Forma Pauperis Application and a blank First Amended Petition form.*

**IT IS SO ORDERED.**

Dated: July 27, 2016

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge